UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| LITESTREAM HOLDINGS, LLC, | : | CASE NO. 19-26043-MAM |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7**

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and respectfully moves this Court to enter an order converting to Chapter 7, the above-styled case. As cause therefore, the United States Trustee shows as follows.

1. The Debtor filed a Chapter 11 voluntary petition on November 27, 2019.

2. The Debtor was in the business of providing telecommunication services to homeowners.

3. The Debtor's schedules reflect no real property, personal property valued at $5,652,000, consisting of cash, accounts receivables and equipment, secured claims totaling at $1.1 million, priority tax claims of $379,356 and general unsecured claims totaling $3,141,358.

4. The sole manager of the Debtor is Paul Rhodes.

5. On July 2, 2020, the Court entered the *Order Approving Sale of Substantially All of the Debtor's Assets to JMF Solutions, Inc*. (ECF #119). Pursuant to this order, the Court granted the sale of the Debtor's assets for $750,000. The sale resulted in a partial distribution in the approximate amount of $526,000 to the secured creditor and allowed tax claims to St. Johns County Tax Collector.

6. Upon information and belief, the sale closed, and the Debtor is no longer operating.

7. The Debtor has not paid U.S. Trustee's fees for the second quarter, 2020 and currently owes $4,875.

8. On July 28, 2020, the Court entered the *Order Granting in Part Debtor' in Possession's Second Motion to Extend Exclusivity Period to File a Plan and Disclosure Statement and Extend Exclusivity Period to Solicit Acceptances Thereto and Setting Status Conference* (the "Status Conference Order," ECF 129). Pursuant to the Status Conference Order, the Court extended the Debtor's exclusive period to August 11, 2020 to file a plan and disclosure statement. The Court further set a status conference for August 11, 2020 at which time the Court may consider conversion of this case to Chapter 7.

9. Yesterday, the U.S. Trustee received notice from the Debtor's counsel that the Debtor made approximately $75,000 in payments to the Internal Revenue Service for prepetition debts. These payments were made without the Debtor's counsel's knowledge and without Court approval. The payments were also made in violation of any cash collateral order entered in this case.

10. Upon information and belief, due to the sale of assets, the Debtor has no ability to reorganize and any plan if filed would be a plan of liquidation. Debtor's counsel does not intend to file a plan at this time.

11. Section 1112(b)(1) provides that, absent unusual circumstances, the Court shall dismiss or convert a case to Chapter 7 if the movant establishes cause. Section 1112(b)(4) provides a list of causes that would meet the requirements of 11 U.S.C. §1112(b)(1).

12. Debtor's failure to pay U.S. Trustee's fees is cause for conversion pursuant to 11 U.S.C. §1112(b)(4)(K).

13. Debtor's payment of pre-petition debt is an unauthorized use of cash collateral and has favored one priority creditor over other priority creditors, case for conversion pursuant to 11 U.S.C. §1112(b)(4)(D).

14. The Debtor's payment of pre-petition debt is gross mismanagement of the estate, cause for conversion pursuant to 11 U.S.C. §1112(b)(4)(B).

15. The U.S. Trustee submits that is not in the best interest of this estate and its creditors to remain in Chapter 11.

WHEREFORE, the United States Trustee respectfully request this Court enter an Order converting this case to Chapter 7 and granting any other or further relief the Court deems just and appropriate.

                                              NANCY J. GARGULA
                                              United States Trustee

                                              /s/
                                              HEIDI A. FEINMAN
                                              Trial Attorney
                                              Florida Bar No. 0879460

Office of the U.S. Trustee
51 SW First Avenue
Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via First Class U.S. Mail to the following:

| | |
|---|---|
| Heidi A Feinman | Heidi.A.Feinman@usdoj.gov |
| Robert C Furr | ltitus@furrcohen.com, atty_furrcohen@bluestylus.com; cworkinger@furrcohen.com; staff1@furrcohen.com |
| Alvin S. Goldstein | agoldstein@furrcohen.com, atty_furrcohen@bluestylus.com; ltitus@furrcohen.com; cworkinger@furrcohen.com; staff1@furrcohen.com |
| IPFS Corporation (Chandler) | lisa.chandler@ipfs.com |
| Linda M Leali | lleali@lealilaw.com, featon@lealilaw.com |
| Peter H Levitt | plevitt@shutts-law.com, sboisvert@shutts.com |
| Brandon C Meadows | bmeadows@jimersonfirm.com, samanthab@jimersonfirm.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| David A Ray | dray@draypa.com, draycmecf@gmail.com; sramirez.dar@gmail.com; drabrams620@gmail.com |
| David L Rosendorf | dlr@kttlaw.com, rcp@kttlaw.com; ycc@kttlaw.com |
| Allan E Wulbern | awulbern@smithhulsey.com, busey@smithhulsey.com; czeigler@smithhulsey.com; khettinger@smithhulsey.com |

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

DONE this the 6th day of August, 2020.

                                                    /s/
                                        HEIDI A. FEINMAN
                                        Trial Attorney